IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 2:95cr174-WHA |
| ) | (WO) |
| DARRYL ELLIS ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Darryl Ellis ("Ellis"), an inmate currently incarcerated at FCC Coleman, seeks post-conviction relief under 28 U.S.C. § 2255 or, in the alternative, under 28 U.S.C. § 2241.  He challenges the concurrent life sentences imposed by this court in his 1996 convictions for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting the possession with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

Ellis argues that his sentence was improperly enhanced based on a deficient 21 U.S.C. § 851 notice regarding one of the prior convictions used to enhance his sentence and because he was not "convicted" of the crime referenced in that notice at the time he was sentenced in this case.  This court directed Ellis, who is represented by counsel, and the United States to file briefs to frame the issues and their arguments.  A hearing on Ellis's claims was held on August 12, 2013.  After consideration of the filings, issues, and arguments in this case, the court finds that Ellis's motion for relief should be dismissed as an improper filing under 28 U.S.C. § 2255 as well as under 28 U.S.C. § 2241.

## I.  BACKGROUND

On August 14, 1996, a jury found Ellis guilty of conspiracy to possess with intent to distribute cocaine and cocaine base (Count 1) and aiding and abetting the possession with intent to distribute cocaine and cocaine base (Count 2).

Prior to Ellis's trial, the United States filed two informations pursuant to 21 U.S.C. § 851 seeking to identify prior convictions that it intended to rely upon for an enhanced sentence in Ellis's case.[1]  The first information, filed on September 15, 1995, specified among other things that on December 12, 1990, in the Criminal Division of the Circuit Court for St. Lucie County, Florida, Case No. 90-2494-CF, Ellis received a 30-month sentence on the charge of sale or delivery of cocaine, in violation of Fla. Stat. 893.13(1)(a), a second-degree felony.  The second information, filed on January 9, 1996, contained a certified copy of the docket sheet from the St. Lucie, Florida, Circuit Court, Case No. 94-517-CF, showing, among other things, that Ellis had failed to appear in court in October 1994 to respond to charges of trafficking in cocaine.  Ellis's trial counsel did not file an objection to either information.

Ellis's presentence investigation report ("PSI") reflects that on June 20, 1994, Ellis entered a *nolo contendere* plea to the trafficking charge in Case No. 94-517-CF referenced

---

[1] A defendant convicted of violating 21 U.S.C. § 841(a)(1) is subject to a sentence enhancement for prior drug convictions if (1) the government files, before trial or a guilty plea, an information stating in writing the prior conviction, and (2) the district court, after conviction but before sentencing, asks the defendant to admit or deny the prior conviction and informs the defendant that any challenge to a prior conviction is waived if not raised before sentencing.  21 U.S.C. §§ 851(a)-(b).  Defendants must deny or challenge the validity of any previous conviction through a written response.  21 U.S.C. § 851(c).

in the January 1996 information. At that time, the Florida state court accepted the *nolo contendere* plea, set sentencing for October 4, 1994, and released Ellis with conditions, but no adjudication of guilt was made. Ellis failed to appear for sentencing and instead absconded. He remained a fugitive until his arrest on federal charges in July 1995. On July 21, 1998, the Florida state court adjudicated Ellis guilty of the trafficking charge.

Ellis's sentencing hearing in the instant case was held on November 26, 1996. Accepting the findings in the PSI, the district court determined that Ellis was responsible for a total of 2.517 kilograms of cocaine base, resulting in a base offense level of 38. Two offense levels were added under U.S.S.G. § 2D1.1(b)(1), for possession of a firearm, resulting in a total offense level of 40. Relying on Ellis's 1990 Florida conviction for sale or delivery of cocaine referenced in the information filed by the government in September 1995 and the trafficking charge referenced in the January 1996 information, to which Ellis pled *nolo contendere* in June 1994, the district court found that Ellis qualified as a career offender under U.S.S.G. § 4B1.1[2] and that he had two prior qualifying convictions for felony drug offenses for purposes of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(B).[3]

Because Ellis's offense level computations resulted in a total offense level higher than

---

[2] In order to be a career offender under U.S.S.G. § 4B1.1, a defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a).

[3] Section 841(b)(1)(B) provides for an enhancement of a defendant's sentence to a mandatory term of life imprisonment if he committed a violation of 21 U.S.C. § 841(a)(1) "after two or more prior convictions for a felony drug offense[.]" 21 U.S.C. § 841(b)(1)(B).

3

the offense level resulting from application of the career offender enhancement, the total offense level of 40 was used. Ellis's criminal history points resulted in a category V designation, but because he was categorized as a career offender, his criminal history category was increased to VI. *See* U.S.S.G. § 4B1.1(b). Based on a total offense level of 40 and a criminal history category VI, Ellis's applicable guideline range was 360 months to life. However, pursuant to the sentencing enhancement under 21 U.S.C. § 841(b)(1)(B), Ellis was subject to a mandatory sentence of life imprisonment. Because his statutory sentence was life, his guideline sentence was also life. Accordingly, the district court imposed concurrent sentences of life imprisonment for Counts 1 and 2.

Ellis filed a timely notice of appeal, and his convictions and sentence were affirmed on March 22, 1999.[4] *United States v. Ellis*, 189 F.3d 487 (Table) (11th Cir. 1999). The Eleventh Circuit denied *en banc* review on July 6, 1999, and issued mandate on August 4, 1999.

On July 31, 2000, Ellis filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he argued that his sentence was subject to reversal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that his counsel was ineffective because he failed (1) to argue a suppression issue properly, (2) to impeach and adequately cross-examine a key government witness, and (3) to call alibi witnesses. This court denied the § 2255 motion on September 11, 2002. *United States v. Ellis*, Case No. 2:95cr174-WHA, Doc. Nos. 606 and

---

[4] On appeal, Ellis did not challenge the validity of his sentence, as counsel filed an *Anders* brief that concluded there were no meritorious issues to appeal.

4

624.

On March 21, 2005, Ellis filed a motion self-styled as "Petitioner's Petition Pursuant to Title 18 U.S.C. 3582(c)(2): A Petition to Correct an Unconstitutionally Imposed Federal Sentence." In that motion, Ellis argued that he was entitled to have his sentence reduced because the Supreme Court, in *United States v. Booker*, 543 U.S. 220 (2005), had held that the Federal Sentencing Guidelines were unconstitutional. On March 30, 2005, Ellis's motion was denied by this court, which found the motion to be of the same legal effect as a collateral attack on Ellis's conviction and sentence and, consequently, a successive § 2255 motion that had been filed without Ellis's first receiving certification from the Eleventh Circuit authorizing this court to consider a successive § 2255 motion. *United States v. Ellis*, Case No. 2:95cr174-WHA, Doc. No. 672.

On January 3, 2006, Ellis filed a motion styled "Jurisdiction and Statutory Challenges Memorandum of Law and Issue and Authorities to Support the Writ of Habeas Corpus Motion Pursuant to Fed.R.Civ.P. 15(c) and 28 U.S.C. § 2255(6)(3)." In that motion, Ellis purported to amend his prior 28 U.S.C. § 2255 motions to "assert[ ] and reallege[ ] all facts and arguments presented" in the prior motions and to present new claims that his sentence violated the Supreme Court's holdings in *Booker*, 543 U.S. 220, and *Blakely v. Washington*, 542 U.S. 296 (2004). Because judgments had already been entered as to Ellis's prior § 2255 motions, this court found that Ellis could not amend those motions and that his new motion constituted yet another successive § 2255 motion filed without Eleventh Circuit authorization. Thus, this court dismissed the motion on March 30, 2006. *See United States*

5

*v. Ellis*, Civil Action No. 2:06cv12-WHA, Doc. Nos. 2, 4, and 5.

On January 31, 2013, the Federal Defender for the Middle District of Alabama filed on Ellis's behalf a motion requesting that this court consider a letter that Ellis sent to this court on April 22, 2012, as a *pro se* motion to vacate Ellis's sentence pursuant to 28 U.S.C. § 2255.  Doc. Nos. 736 and 736-1.  In his letter, Ellis argued that his life sentence under 21 U.S.C. § 841(b)(1)(B) was erroneous because the information filed by the United States in January 1996 failed to comply with 21 U.S.C. § 851, as it contained only a copy of the docket sheet from his Florida state case (Case No. 94-517-CF) indicating that he had failed to appear in court in October 1994 to respond to the charge of trafficking in cocaine (as opposed to a certified copy of his conviction on that charge) and he had not been convicted of the trafficking charge at the time the information was filed.  Thus, Ellis maintained that this court was without jurisdiction in November 1996 to sentence him to a mandatory life sentence, based on two prior felony drug convictions, under § 841(b)(1)(B).

Pursuant to this court's orders, the Federal Defender filed a brief in support of Ellis's entitlement to resentencing.  *See* Doc. Nos. 739, 741, and 745.  In addition to arguing that Ellis's sentence enhancement under § 841(b)(1)(B) was error, the Federal Defender argues that Ellis is also entitled to be resentenced without the guidelines' career offender enhancement, U.S.S.G. § 4B1.1, because although Ellis had entered a *nolo contendere* plea to the trafficking charge in Case No. 94-517-CF in June 1994 – before his November 1996 sentencing is this case – the Florida state court did not actually adjudicate Ellis guilty in the trafficking case until July 1998.  Doc. No. 745.  The Federal Defender argues that under

Florida law, a *nolo contendere* plea without an adjudication of guilt does not constitute a conviction for purposes of U.S.S.G. § 4B1.1 or 21 U.S.C. § 841(b)(1)(B).[5]

As noted above, a hearing on Ellis's claims for relief was held on August 12, 2013. At the hearing, the Federal Defender advanced the arguments previously asserted on Ellis's behalf. The United States Attorney, conceding a deficiency in the government's January 1996 information,[6] argued that Ellis should be resentenced under § 841(b)(1)(B) based on

---

[5] In the brief filed on Ellis's behalf (Doc. No. 745 at 10-11), the Federal Defender notes that the Eleventh Circuit, in *United States v. Willis*, 106 F.3d 966 (11th Cir 1997), a case decided after Ellis's sentencing in the instant case, held that a *nolo contendere* plea to a felony charge in Florida, where an adjudication of guilt is withheld, does not constitute a conviction under Florida law and therefore cannot be considered a predicate felony conviction for purposes of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. 109 F.3d at 970. The Court's decision in *Willis* relied on language in § 921(a) that provides explicitly, "[w]hat constitutes a conviction [for the purposes of this section] *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held*." 18 U.S.C. § 921(a)(20) (emphasis added); *Willis*, 109 F.3d at 970. The Court stated that an exhaustive review of Florida jurisprudence on the issue revealed that Florida law would not consider a *nolo contendere* plea to be a conviction. *Willis*, 109 F.3d at 968-69.

However, *Willis* is not controlling in Ellis's case. In *United States v. Jones*, 910 F.2d 760 (11th Cir.1990), the Eleventh Circuit held that a prior state court case wherein the defendant enters a *nolo contendere* plea and adjudication is withheld may be used as a "conviction" to make the defendant eligible for career offender status under § 4B1.1 of the Sentencing Guidelines. 910 F.2d at 761. Further, in *United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995), the Eleventh Circuit held that a *nolo contendere* plea to a felony in Florida state court, where adjudication was withheld, constitutes a "prior conviction" for purposes of a sentence enhancement under 21 U.S.C. § 841(b)(1)(B). 47 F.3d at 403. The Court stated that "[t]he meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise" and that "there is nothing in section 841(b)(1)(B) to suggest that Congress intended that the definition of a conviction should depend upon state law, rather than federal law." *Id*. The sentencing guideline at issue in *Jones*, U.S.S.G. 4B1.1, does not indicate that state law should govern its application. Therefore, in *Jones*, as in *Mejias*, federal law, not state law, was controlling. The record in Ellis's case reflects that he entered his *nolo contendere* plea to the Florida cocaine trafficking charge in Case No. 94-517-CF on June 20, 1994.

[6] Neither Ellis nor the United States has argued that the alleged deficiency in the January 1996 information in fact prevented Ellis from understanding that the drug trafficking conviction in Florida state Case No. 94-517-CF was one of the prior convictions the United States intended to rely

7

one prior felony drug conviction but that he is still subject to classification as a career offender under U.S.S.G. § 4B1.1.[7]

Recognizing that Ellis has filed several previous motions for relief under 28 U.S.C. § 2255, rendering subsequent § 2255 motions successive, the Federal Defender argues that Ellis is permitted to seek resentencing relief under 28 U.S.C. § 2241, because the "savings clause" provision of 28 U.S.C. § 2255(e) allows him to do so when "the remedy under § 2255 is inadequate and ineffective." Thus, as an alternative to relief under § 2255, the Federal Defender seeks relief on Ellis's behalf under 28 U.S.C. § 2241.

## II. DISCUSSION

Ellis challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Ellis's previous § 2255 motions were denied by this court, he may not file another § 2255 motion in this court without first receiving permission from the appropriate United States Court of Appeals – which he has not done. 28 U.S.C. §§ 2244(b)(3), 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission ...

---

on in seeking sentence enhancement pursuant to § 841(b)(1)(B).

[7] The court has an obligation to satisfy itself of its jurisdiction before granting relief. As indicated below in this Recommendation, the court concludes that it lacks jurisdiction to grant Ellis relief.

before filing a successive § 2255 motion"). Because Ellis is barred from filing another § 2255 motion without obtaining permission from the Eleventh Circuit, he seeks relief pursuant to 28 U.S.C. § 2241, via § 2255(e)'s "savings clause, arguing that he is entitled to do so because there was a fundamental defect in his sentencing.

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Sawyer*, 326 F.3d at 1365. A petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. *Ramiro v. Vasquez*, 202 Fed. App'x 901, 904 (11th Cir. 2006).

Recently, in *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013), the Eleventh Circuit held that the savings clause is a jurisdictional provision, meaning that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to consider the merits of the § 2241 petition. 713 F.3d at 1338, 1343. The Eleventh Circuit in *Williams* clarified that where a petitioner challenges a "fundamental defect in sentencing," he must establish two necessary conditions before he may invoke § 2255(e)'s saving clause: (1) the claim must be based upon a retroactively applicable

9

Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. 713 F.3d at 1343-44 (modifying the test set forth in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999)).[8]

Ellis argues that his sentence was improperly enhanced based on a deficient 21 U.S.C. § 851 notice regarding one of the prior convictions used to enhance his sentence and because he was not "convicted" of the crime referenced in that notice at the time he was sentenced in this case. In *Wofford v. Scott*, *supra*, the Eleventh Circuit stated that all that is required is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. *Wofford*, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." *Id.*; *see also Turner v. Warden, Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013) (holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in

---

[8] In *Wofford*, the Eleventh Circuit interpreted § 2255(e)'s savings clause to mean that the clause applies to open a portal to § 2241 review when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Wofford*, 177 F.3d at 1244. In an en banc decision in 2011, however, the Eleventh Circuit explained that the three-pronged *Wofford* test was "only dicta," and clarified that the actual holding in *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011). However, the three-pronged *Wofford* test has not been overturned or rejected by the Eleventh Circuit in cases where a petitioner claims that he is actually innocent of the underlying crime for which he is currently imprisoned. *See Williams*, 713 F.3d 1332.

10

an earlier § 2255 proceeding).

Here, not only is Ellis's claim for relief *not* based upon a retroactively applicable Supreme Court decision, but the procedural opportunity to raise his claim existed at the time of sentencing, on direct appeal, and when he filed his previous § 2255 motions. Any deficiency in the § 851 notice came into being when the Government filed the January 1996 information referencing the cocaine trafficking charge in Florida state Case No. 94-517-CF, and the issue of whether Ellis's June 20, 1994, *nolo contendere* plea to that trafficking charge constituted a prior "conviction" for purposes of career offender status under U.S.S.G. § 4B1.1 and statutory enhancement under 21 U.S.C. § 841(b)(1)(B) could have been raised at least as early as Ellis's November 1996 sentencing in the instant case. Accordingly, Ellis has not shown that his first § 2255 motion (or his second, or his third) was inadequate or ineffective to raise his instant sentencing claim. As such, this court does not have jurisdiction to consider the merits of his petition for relief pursuant to 28 U.S.C. § 2241. *Williams*, 713 F.3d at 1338, 1343.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Ellis's motion for relief (Doc. Nos. 736, 736-1, and 745) be DISMISSED as an improper filing under 28 U.S.C. § 2255 and 28 U.S.C. § 2241 because:

(1)  Ellis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive 28 U.S.C. § 2255 motion; and

(2)  Ellis cannot show that his first 28 U.S.C. § 2255 motion was inadequate or

ineffective to test the legality of his sentence; thus, the savings clause of § 2255(e) does not apply, and this court is without jurisdiction to consider Ellis's petition for relief under 28 U.S.C. § 2241.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 12, 2013**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of November, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE